United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADELPHONCE SAINT PREUX,<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, *et al.*,<br>Respondents. | Case No. 1:26-cv-08752 (EJD)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Petitioner Adelphonce Saint Preux is an immigration detainee currently awaiting the outcome of his removal proceedings. In his petition for writ of habeas corpus, he alleges that his continued detention is unlawful as he was previously released by immigration authorities on humanitarian parole. Dkt. No. 1 at 6. Shortly after filing the petition, the court set a briefing schedule and directed Respondents to address whether any provision of law or fact in this case would distinguish it from several cited prior cases where the Court found that noncitizens previously released on humanitarian parole obtained a liberty interest in their continued freedom that could not be revoked without further process. *See* Dkt. No. 4 (citing *Simon v. Warden, Cent. Valley Annex*, No. 1:26-CV-05030 (EJD), 2026 WL 1992936 (E.D. Cal. July 9, 2026); *Perez v. Chestnut*, No. 1:26-CV-06458 (EJD), 2026 WL 2836753 (E.D. Cal. Sept. 22, 2026); *Dieu v. Warden of the California Cty. Det. Facility*, No. 1:26-CV-04764 (EJD), 2026 WL 2365346 (E.D. Cal. Aug. 14, 2026); *Labrador v. Blanche*, No. 1:26-CV-06374 (EJD), 2026 WL 2409428 (E.D. Cal. Aug. 17, 2026)).

Respondents filed a timely response to the Court's order to show cause, stating that "[t]he

cases cited in the Court's Order [] are not dissimilar from the instant case[.]" Dkt. No. 9 at 1. However, they continue to oppose relief on the ground that Petitioner is mandatorily detained under 8 U.S.C. § 1225(b). *Id*. at 2.

Petitioner alleges that he was initially released by immigration authorities on humanitarian parole and later applied for asylum. Dkt. No. 1 at 6. That asylum application remains pending. Records submitted by Respondents further show that Petitioner was arrested by Florida Highway Patrol on August 26, 2026 through an immigration "enforcement operation[,]" and then transferred to ICE custody. Dkt. No. 9 at 5. Removal proceedings were opened against him approximately two weeks later. *Id*. at 8. Petitioner has no criminal history according to Respondents' records. *Id*. at 5.

Pursuant to the reasoning in the court's cited orders, Petitioner is entitled to relief on his due process claim. Petitioner has a clear liberty interest in his continued freedom following his release from DHS custody on humanitarian parole. *See R.A.N.O. v. Wofford,* 820 F. Supp. 3d 1094, 1102–03 (E.D. Cal. 2026) (holding that noncitizen had a protected liberty interest following his grant of humanitarian parole). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), he has a substantial private interest in maintaining his out-of-custody status following his grant of parole, the risk of erroneous deprivation without a hearing is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

The fact that § 1225(b) authorizes detention during removal proceedings does not defeat Petitioner's due process claim here. Regardless of the applicable detention authority, Petitioner's liberty interest described above is still protected by the due process clause. *See Padilla v. United States Immigr. & Customs Enf't*, No. 24-2801, 2026 WL 2822044, at *19 (9th Cir. Sept. 21, 2026) ("Noncitizens who arrive illegally and are found away from the border well after arrival are protected from arbitrary detention in violation of the Due Process Clause."). As Petitioner was permitted to live at liberty for several years as his immigration proceedings progressed, he was entitled to process prior to the deprivation of his freedom. As ICE failed to provide Petitioner with

notice or a hearing prior to his detention, the appropriate remedy is immediate release.

For the reasons above, the petition for writ of habeas corpus is GRANTED. The Court ORDERS Respondents to immediately release Petitioner from their custody. The Government is permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present. This order does not address the circumstances in which the Government may detain Petitioner in the event he becomes subject to an executable final order of removal, or if exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.

**IT IS SO ORDERED.**

Dated: November 23, 2026

EDWARD J. DAVILA
United States District Judge